1  DAVID A. STEINBERG (SBN 130593)
   das@msk.com
2  MARC E. MAYER (SBN 190969)
   mem@msk.com
3  EMILY F. EVITT (SBN 261491)
   efe@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
5  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 MANSEF, INC., a Canadian
   Corporation and FROYTAL SERVICES
12 LIMITED, a Cyprus Corporation;

13              Plaintiffs,

14        v.

15 VENTURA CONTENT, AVV, an
   Aruban Corporation; DENALI
16 HOLDINGS, LLC, a California Limited
   Liability Corporation; and Does 1-10,
17
                Defendants.
18

CASE NO. CV10 6222 VBF PLAx

**COMPLAINT FOR:**

**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114];**

**(2) FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(A)];**

**(3) COMMON LAW TRADEMARK INFRINGEMENT**

**(4) UNFAIR COMPETITION [BUS. & PROF. CODE §§17200, 17203]**

**DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2848910.4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   Plaintiffs Mansef, Inc. and Froytal Services, Limited ("Plaintiffs") by their
2   attorneys, allege as follows:

3

4   **NATURE OF THE ACTION**

5   1.      This action involves the unfair and unlawful practice by which an
6   online business purchases its competitor's trademark as a search engine "keyword"
7   in order to misdirect traffic away from the trademark owner's website and onto the
8   competitor's website.  By this action, Plaintiffs seek a stop to and redress for
9   Defendants' improper use of Plaintiffs' highly valuable trademark and brand name,
10  BRAZZERS, to lure members of the public to Defendants' websites,
11  www.pinkvisual.com and www.ipinkvisual.com.  Specifically, Defendants,
12  knowing that BRAZZERS is widely recognized to signify Plaintiffs' well-known
13  brand of adult content, and with the deliberate intent to harm Plaintiffs, have
14  purchased from Internet search engines such as Google keywords containing
15  various permutations of the word and trademark BRAZZERS.  As a result, users
16  performing Google searches for *Plaintiffs'* BRAZZERS products and services are
17  presented with advertisements (or "Sponsored Links") for *Defendants'* websites
18  and re-directed to those websites.

19  2.      Defendants' conduct has caused, and is continuing to cause,
20  substantial harm to Plaintiffs.  By using the BRAZZERS mark to generate their
21  advertisements, and then making no effort to disabuse members of the public of
22  Defendants' lack of affiliation or relationship with Plaintiffs, Defendants
23  intentionally seek to drive traffic away from Plaintiffs' websites and toward their
24  own.  Once there, many consumers choose to purchase subscriptions to
25  Defendants' competing websites, in lieu of purchasing subscriptions to Plaintiffs'
26  websites.  Such conduct has deprived (and is continuing to deprive) Plaintiffs of
27  sales of their products and services, including monthly subscriptions to Plaintiffs'
28  websites.  At the same time, Defendants' improper use of the BRAZZERS mark

Mitchell
Silberberg &
Knupp LLP

2848910.4

1

1   has resulted in a windfall to Defendants, enabling them to solicit their services to

2   scores of consumers who were seeking Plaintiffs' goods and services but

3   inadvertently ended up at Defendants' websites.

4       3.    It now is well established that the precise conduct engaged in by

5   Defendants constitutes trademark infringement and unfair competition.  See, e.g.

6   Finance Express LLC v. Nowcom Corp. et al., 564 F. Supp. 2d 1160 (C.D. Cal.

7   2008).  Accordingly, Plaintiffs are entitled to relief under the Lanham Act and

8   California law, including injunctive relief, compensatory damages, Defendants'

9   unjust profits, treble damages, and attorneys' fees.

10

11                  **JURISDICTION AND VENUE**

12       4.    This is an action arising under the Lanham Act, 15 U.S.C. § 1051, et

13   seq., and under California statutory and common law.

14       5.    This Court has subject matter jurisdiction over this matter pursuant to

15   15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that it involves an action

16   arising under the Lanham Act.  This Court has supplemental jurisdiction pursuant

17   to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiffs' claims that arise under the laws

18   of the State of California.

19       6.    Defendants are subject to personal jurisdiction in the State of

20   California, including because Defendant Denali Holdings, LLC is a California

21   limited liability corporation and because Defendants have offices in Van Nuys,

22   California, produce their content in this judicial district, including in Van Nuys,

23   Hollywood, Chatsworth, and Tarzana, California, and conduct substantial business

24   operations in this judicial district.

25       7.    Venue is proper in this judicial district pursuant to 28 U.S.C. §

26   1391(b) in that Defendants may be found in this judicial district and are subject to

27   personal jurisdiction in this judicial district.

Mitchell
Silberberg &
Knupp LLP

28

2848910.4

2

1

**THE PARTIES**

2      8.     At all time relevant herein, Plaintiff Mansef, Inc. ("Mansef") is and

3   was a corporation organized and existing under the laws of Canada, having its

4   principal place of business at 8250 Decarie Suite 150 Montreal Quebec H4P 2P5

5   Canada.

6      9.     At all time relevant herein, Plaintiff Froytal Services Limited is and

7   was a corporation organized and existing under the laws of Cyprus, having its

8   principal place of business at Arch. Makariou, III, 155 Proteas House, 5th Floor,

9   P.C. 3026, Limassol, Cyprus.

10      10.     Plaintiffs are informed, believe, and based thereon allege that at all

11   times relevant herein, Defendant Ventura Content, AVV ("Ventura") is and was an

12   Aruban corporation, with its principal places of business in Van Nuys, California

13   and Tucson, Arizona.  Ventura is the owner and operator of the Internet websites

14   www.pinkvisual.com and www.ipinkvisual.com.

15      11.     Plaintiffs are informed, believe, and based thereon allege that at all

16   times relevant herein, Defendant Denali Holdings, LLC is and was a California

17   limited liability corporation, with its principal place of business in La Jolla,

18   California.  (Ventura and Denali Holdings, LLC sometimes are referred to

19   collectively herein as "Ventura.")

20      12.     Plaintiffs are unaware of the true names or capacities of the

21   Defendants sued herein under the fictitious names DOES 1 through 10, inclusive.

22   Plaintiffs will amend the Complaint to state the true names of Defendants DOES 1

23   through 10 when their identities are discovered.

24      13.     Plaintiffs are informed, believe, and based thereon allege, that at all

25   times mentioned in this Complaint, each of the Defendants directly performed the

26   acts alleged herein or was acting as the agent, principal, alter ego, employee,

27   representative, or otherwise participated in the acts alleged herein with other

28   Defendants.

Mitchell
Silberberg &
Knupp LLP
2848910.4

3

## FACTS GIVING RISE TO THIS ACTION

### Plaintiffs' Business and Trademarks

14.    Until March 1, 2010, Plaintiff Mansef owned and operated adult entertainment websites, including those located at http:///www.brazzers.com (the "Brazzers Website") and http://www.brazzersmobile.com (the "Brazzers Mobile Website") (collectively, the "Brazzers Websites"). As of March 1, 2010, Froytal owns and operates the Brazzers Websites.

15.    The Brazzers Websites are distinguished by their premium high-definition content, frequent content updates, and broad array of works – organized into twenty-eight sub-categories or "sites." In order to recoup the substantial cost of distributing their content, Plaintiffs sold or currently sell memberships to the Brazzers Website ($95.40 for a yearly subscription; $24.95 for a one-month subscription), which give purchasers full access to the sites' content. The Brazzers Mobile Website provides high-quality content tailored for viewing on mobile phones, and also uses a subscription model. Plaintiffs have invested considerable resources creating and producing the content made available on the Brazzers Websites, and take great pains to ensure that all of the content they offer meets their high standards for quality and originality. As a result, the Brazzers Websites are widely recognized as the "gold" standard for premium adult content.

16.    To distinguish itself from its competitors, Plaintiff Mansef developed the arbitrary trademark and service mark BRAZZERS. Plaintiff Mansef has caused to be registered on the Principal Register of the United States Patent and Trademark Office, the trademark BRAZZERS, Ser. No. 77387833, Reg. No. 3621570 and the service mark BRAZZERS Ser. No. 77387833, Reg. No. 3621514, both registered May 19, 2009 (collectively "the BRAZZERS mark"). A true and correct copy of each of these registrations is attached as Exhibit A. Mansef is the owner of the BRAZZERS mark. Since March 1, 2010, Plaintiff Froytal has been the exclusive worldwide licensee of the BRAZZERS mark.

Mitchell
Silberberg &
Knupp LLP
2848910.4

4

17.     The BRAZZERS mark is protectable and not generic.  Plaintiffs have invested considerable time, effort, and financial resources cultivating consumer recognition and goodwill in the BRAZZERS mark and the Brazzers Websites, and establishing a strong association in the minds of the consuming public between the BRAZZERS mark and premium, high-quality, original adult entertainment.  As a result, the BRAZZERS mark has achieved secondary meaning within the adult entertainment industry.

### Defendants' Business and Wrongful Conduct

18.     Defendants are competing providers of online and mobile adult entertainment.  Defendants offer audiovisual content via the Internet websites located at http://www.pinkvisual.com and http://www.ipinkvisual.com (the "Pink Visual Websites").  Like the Brazzers Websites, the Pink Visual Websites also provide a number of sub-categories or "sites" (twenty-seven), and use a subscription-based profit model, with comparable price points ($94 yearly; $24.95 monthly) to those offered by the Brazzers Website ($95.40 yearly; $24.95 monthly).  Also following the same model as Plaintiffs, Defendants provide adult entertainment for mobile devices at their http://www.ipinkvisual.com website.

19.     Google AdWords is an online advertising program.  Participants in the AdWords program specify and purchase "keywords," (which may be single words or phrases) that, when entered into Google's search engine, will trigger the participant's advertisement to appear either on the right side of the search results page or at the top of the search results page as a "Sponsored Link."  Clicking on the Sponsored Link directs consumers to the advertiser's website.  Thus, for example, a website offering airline tickets might purchase terms such as "travel," "airfares," or "vacation" as keyword search terms, thus generating Sponsored Links for its website when any of those terms is entered into Google.

Mitchell
Silberberg &
Knupp LLP

2848910.4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20.     Plaintiffs are informed, believe, and based thereon allege, that in an effort to drive traffic to the Pink Visual Websites (and, more specifically, to divert traffic from the Brazzers Websites to the Pink Visual Websites), Defendants purchased as Google AdWords keywords containing or constituting the BRAZZERS mark, including, but not limited to: "Brazzers," "Brazzers Mobile," and "Brazzers Vids" (collectively "the Keywords").  When a user enters any of the Keywords into the Google search engine, the following Sponsored Link, and accompanying text, is displayed:

> Porn Vids for Mobile & PC
>
> Watch 1000's of xxx vids on
>
> PC, phone, g1, psp, mobile device
>
> iPinkVisualPass.com

Plaintiffs are informed, believe, and based thereon allege that this advertisement did not sufficiently identify its sponsor, and was intended to and did, in fact, deceive customers, potential customers, and the consuming public.

21.     As a result of the foregoing conduct, Defendants have unlawfully used Plaintiffs' trademarks to divert sales and goodwill from Plaintiffs, thereby causing confusion (including initial interest confusion), mistake and/or deception as to the affiliation, connection, or association of Defendants with Plaintiffs, and/or the origin, sponsorship, or approval of Defendants' products, services, or commercial activities from Plaintiffs.

22.     As a result of Defendants' conduct, Plaintiffs' goodwill, reputation, and businesses have been, and continue to be, severely and irreparably damaged.

# FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

23.     As a separate cause of action and ground for relief, Plaintiffs allege that Defendants have and are engaged in acts of trademark infringement within the meaning of Section 32(1) of the Trademark Act of 1946, 15 U.S.C. § 1114(1). Paragraphs 1 through 22 of this Complaint are incorporated by reference as a part of this count.

24.     Defendants had constructive knowledge of Plaintiffs' ownership of and/or exclusive rights in the federally registered BRAZZERS mark pursuant to 15 U.S.C. § 1072 prior to Defendants' purchase and use of the Keywords constituting or containing Plaintiffs' trademarks.  Furthermore, upon information and belief, Defendants had actual knowledge of Plaintiffs' ownership of and/or exclusive rights in the federally registered BRAZZERS mark prior to Defendants' unauthorized conduct complained of herein.  Indeed, upon information and belief, Defendants intended to capture initial consumer attention and unfairly and wrongfully capitalize upon Plaintiffs' goodwill and the resulting marketplace confusion when they purchased and used the Keywords.

25.     Upon information and belief, Defendants have deliberately and willfully used the Keywords in commerce in connection with the same content and services provided by Plaintiffs in an attempt to trade upon the goodwill, reputation, and selling power established by Plaintiffs under the BRAZZERS mark and to capture the initial interest of consumers who would otherwise have subscribed to the Brazzers Websites.

26.     Plaintiffs have not consented to Defendants' use of the Keywords in connection with the promotion of Defendants' business and/or the provision of content and services via the Pink Visual Websites.

Mitchell
Silberberg &
Knupp LLP

2848910.4

7

1    27.    Defendants' unauthorized use of the Keywords in connection with the

2    provision of content and services via the Pink Visual Websites is causing, and is

3    likely to cause in the future, confusion (including initial interest confusion),

4    mistake, or deception as to the affiliation, connection, or association of Defendants,

5    their goods, and the Pink Visual Websites with Plaintiffs and their goods and

6    websites in violation of 15 U.S.C. § 1114.

7    28.    Upon information and belief, the intentional nature of the

8    aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

9    29.    As a result of Defendants' conduct, Plaintiffs have suffered substantial

10   damage and irreparable harm constituting an injury for which Plaintiffs have no

11   adequate remedy at law.  In fact, Defendants' conduct already has caused actual

12   confusion among Plaintiffs' customers.  Unless this Court enjoins Defendants'

13   conduct, Plaintiffs will continue to suffer irreparable harm.  Plaintiffs also are

14   entitled to recover damages from Defendants in an amount to be determined at

15   trial.

16

17                      **SECOND CLAIM FOR RELIEF**

18   **FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN**
     **(15 U.S.C. § 1125(A); LANHAM ACT 43(A))**
19

20   30.    As a separate cause of action and ground for relief, Plaintiffs allege

21   that Defendants have and are engaged in acts constituting unfair competition and

22   false designation of origin within the meaning of Section 43(a) of the Trademark

23   Act of 1946, 15 U.S.C. § 1125(a).  Paragraphs 1 through 29 of this Complaint are

24   incorporated by reference as a part of this count.

25   31.    Upon information and belief, Defendants' deliberate and willful use of

26   the Keywords was intended to, and did in fact, capture initial consumer attention

27   and trade upon the goodwill, reputation, and selling power developed by Plaintiffs,

28

Mitchell
Silberberg &
Knupp LLP

2848910.4

1   as well as confuse consumers as to the origin and sponsorship of Defendants'

2   services.

3       32.   Defendants' unauthorized and tortious conduct also has deprived

4   Plaintiffs of the ability to control the consumer perception of Plaintiffs'

5   BRAZZERS mark, placing the valuable reputation and goodwill of Plaintiffs in the

6   hands of Defendants, over whom Plaintiffs have no control.

7       33.   Defendants' conduct is likely to cause initial interest confusion,

8   mistake or deception as to Plaintiffs' affiliation, connection, or approval of

9   Defendants and the Pink Visual Websites in violation of Section 43(a) of the

10  Lanham Act, 15 U.S.C. § 1125(a).

11      34.   Upon information and belief, the intentional nature of the

12  aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

13      35.   As a result of Defendants' conduct, Plaintiffs have suffered substantial

14  damage and irreparable harm constituting an injury for which Plaintiffs have no

15  adequate remedy at law.  In fact, Defendants' conduct already has caused actual

16  confusion among Plaintiffs' customers.  Unless this Court enjoins Defendants'

17  conduct, Plaintiffs will continue to suffer irreparable harm.  Plaintiffs also are

18  entitled to recover damages from Defendants in an amount to be determined at

19  trial.

20

21              **THIRD CLAIM FOR RELIEF**

22          **COMMON LAW TRADEMARK INFRINGEMENT**
            **UNDER CALIFORNIA LAW**

23

24      36.   As a separate cause of action and ground for relief, Plaintiffs allege

25  that Defendants have and are engaged in acts of trademark infringement under the

26  common law of the State of California.  Paragraphs 1 through 35 of this Complaint

27  are incorporated by reference as a part of this count.

Mitchell
Silberberg &
Knupp LLP   28

2848910.4

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    37.    Plaintiffs own valid common law rights in the well-known
2   BRAZZERS mark in connection with the content and services provided under that
3   mark.  Plaintiffs and their predecessors had used the BRAZZERS mark
4   continuously in connection with the provision of adult entertainment content and
5   services for years before Defendants began using the Keywords in connection with
6   the Pink Visual Websites and Defendants' content and services.  Beginning before
7   that time and continuing to the present, Plaintiffs have expended substantial effort
8   and resources in promoting the BRAZZERS mark, thereby generating valuable
9   goodwill in that mark.

10    38.    Long after Plaintiffs' adoption and first use of the BRAZZERS mark
11   with the content and services provided thereunder, and after such mark had
12   acquired a further distinctiveness signifying Plaintiffs, without Plaintiffs'
13   authorization Defendants began using the BRAZZERS mark in the Keywords to
14   draw visitors to the Pink Visual Websites, where the content and services available
15   are identical and complimentary to the content and services offered by Plaintiffs
16   under the BRAZZERS mark.  Upon information and belief, Defendants' conduct
17   was undertaken in order to capture initial consumer attention and to trade upon the
18   goodwill and reputation established by Plaintiffs under the BRAZZERS mark.

19    39.    Defendants' acts are likely to cause initial interest confusion, mistake
20   and deception for consumers as to the affiliation, connection, or association of
21   Defendants with Plaintiffs, and as to the origin, sponsorship or approval of
22   Defendants' services and the Pink Visual Websites, and constitute willful and
23   deliberate infringement of Plaintiffs' BRAZZERS mark in violation of the
24   common law of the State of California.

25    40.    As a result of Defendants' conduct, Plaintiffs have suffered substantial
26   damage and irreparable harm constituting an injury for which Plaintiffs have no
27   adequate remedy at law.  In fact, Defendants' conduct already has caused actual
28   confusion among Plaintiffs' customers.  Unless this Court enjoins Defendants'

Mitchell
Silberberg &
Knupp LLP

2848910.4

10

1   conduct, Plaintiffs will continue to suffer irreparable harm.  Plaintiffs also are

2   entitled to recover damages from Defendants in an amount to be determined at

3   trial.

4

5   ### FOURTH CLAIM FOR RELIEF

6   ### UNFAIR COMPETITION UNDER CALIFORNIA STATUTORY LAW
    ### (CALIFORNIA BUS. AND PROF. CODE §§17200 AND 17203)
7

8       41.    As a separate cause of action and ground for relief, Plaintiffs allege

9   that Defendants have and are engaged in acts of unfair competition in violation of

10  California Business and Professions Code sections 17200 and 17203.  Paragraphs 1

11  through 40 of this Complaint are incorporated by reference as a part of this count.

12      42.    The BRAZZERS mark is wholly associated with Plaintiffs due to their

13  extensive use and promotion of the mark in connection with the adult

14  entertainment content and services provided thereunder.  Therefore, and as such,

15  Plaintiffs are deserving of having their mark adequately protected with respect to

16  the conduct of their business.

17      43.    Defendants' wrongful conduct as alleged herein constitutes unfair

18  competition and unfair business practices.

19      44.    Based on the wrongful, unlawful, and unfair acts described herein,

20  Defendants are in violation of California Business and Professions Code sections

21  17200 and 17203.

22      45.    As a result of Defendants' aforesaid conduct, Plaintiffs have suffered

23  substantial damage and irreparable harm constituting an injury for which Plaintiffs

24  have no adequate remedy at law.  Unless this Court enjoins Defendants' conduct,

25  Plaintiffs will continue to suffer irreparable harm.  Plaintiffs also have suffered loss

26  of profits and other damages as a result of Defendants' aforesaid conduct.  On the

27  statutory unfair competition claim, Plaintiffs seek disgorgement of profits.

28

Mitchell
Silberberg &
Knupp LLP

2848910.4

11
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# PRAYER FOR RELIEF

WHEREFORE, as to all Counts of this Complaint, Plaintiffs request that this Court enter a judgment and declaration in favor of Plaintiffs and against Defendants as follows:

A.    Preliminarily and permanently enjoining and restraining Defendants, all entities under their control, as well as their parents, subsidiaries, licensees, owners, directors, officers, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons or entities acting on behalf of Defendants or with Defendants' authority, from:

(1)    using, selling, offering for sale, holding for sale, advertising or promoting any goods or services or website under or in connection with any trade name, trademark, service mark, Internet search keyword, Internet domain name or other designation of origin that is comprised in whole or in part of the BRAZZERS mark, or any terms, words, or combinations of words, confusingly similar thereto; or

(2)    doing any act or thing that is likely to induce the belief that Defendants' content, services, activities, or the Pink Visual Websites are in some way connected with Plaintiffs and/or Plaintiffs' business, or that is likely to injure or damage Plaintiffs and the BRAZZERS mark; and

B.    Ordering Defendants to:

(1)    pay Plaintiffs the compensatory damages sustained by Plaintiffs as a result of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts alleged herein;

(2)    pay Plaintiffs punitive damages as a consequence of the willful and wanton acts alleged herein;

1             (3)     account for and pay over to Plaintiffs all gains, profits and

2  advantages derived from the unlawful acts alleged herein and/or as a result of

3  unjust enrichment;

4             (4)     reimburse Plaintiffs for the costs they have incurred in bringing

5  this action, together with their reasonable attorneys' fees and disbursements;

6             (5)     pay Plaintiffs' costs of corrective advertising;

7      C.    Awarding Plaintiffs such other and further relief as this Court may

8  deem equitable.

9

10  DATED: August 19, 2010

11                                   DAVID A. STEINBERG
                                  MARC E. MAYER

12                                   EMILY F. EVITT
                                 MITCHELL SILBERBERG & KNUPP LLP

13

14                                 By: _____

15                                     Marc E. Mayer
                                 Attorneys for Plaintiffs

16                                   Mansef, Inc. and Froytal Services, Ltd.

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP

2848910.4

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs demand a trial by jury of all issues triable of right by jury.

3

4  DATED: August 19, 2010

DAVID A. STEINBERG
MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

5

6

7  By: _____

8      Marc E. Mayer
       Attorneys for Plaintiffs
9      Mansef, Inc. and Froytal Services, Ltd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &  28
Knupp LLP

28489410.4

14

**EXHIBIT A**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Aug 18 04:05:46 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: [        ] OR Jump to record: [        ] **Record 1 out of 2**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# Brazzers

| | |
|---|---|
| **Word Mark** | **BRAZZERS** |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Digital media, namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital disks featuring adult entertainment. FIRST USE: 20080201. FIRST USE IN COMMERCE: 20080201 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77387833 |
| **Filing Date** | February 4, 2008 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 3, 2009 |
| **Registration Number** | 3621570 |
| **Registration Date** | May 19, 2009 |
| **Owner** | (REGISTRANT) MANSEF PRODUCTIONS INC. CORPORATION CANADA 9001 L'ACADIE BOULEVARD SUITE 701 MONTREAL CANADA H4N3H5 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of** | |

| Record | Lucy B. Arant |
|---|---|
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST

FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Aug 18 04:05:46 EDT 2010*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [      ]   OR   Jump   to record: [      ]   **Record 2 out of 2**

| TARR Status | ASSIGN Status | TDR | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# Brazzers

| | |
|---|---|
| **Word Mark** | **BRAZZERS** |
| **Goods and Services** | IC 041. US 100 101 107. G & S: Entertainment Services, namely, providing a website featuring photographic, audio, video and prose presentations featuring adult entertainment via a global computer network. FIRST USE: 20040130. FIRST USE IN COMMERCE: 20040130 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77339083 |
| **Filing Date** | November 28, 2007 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 3, 2009 |
| **Registration Number** | 3621514 |
| **Registration Date** | May 19, 2009 |
| **Owner** | (REGISTRANT) MANSEF PRODUCTIONS INC. CORPORATION CANADA 9001 L'ACADIE BOULEVARD SUITE 701 MONTREAL CANADA H4N3H5 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | LUCY B ARANT |

**Type of Mark**    SERVICE MARK
**Register**    PRINCIPAL
**Live/Dead Indicator**    LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV10- 6222 VBF (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

David E. Steinberg (SBN 130593) das@msk.com
Marc E. Mayer (SBN 190969) mem@msk.com
Emily F. Evitt (SBN 261491) efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Boulevard
Los Angeles, CA 90064
Tel. 310-312-2000
Fax 310-312-3100

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSEF, INC., a Canadian Corporation and FROYTAL SERVICES LIMITED, a Cyprus Corporation; <br><br> PLAINTIFF(S) <br><br> V. <br><br> VENTURA CONTENT, AVV, an Aruban Corporation; DENALI HOLDINGS, LLC, a California Limited Liability Corporation; and Does 1-10, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV10 6222 VBF PLAx** <br><br><br> **SUMMONS** |

TO:DEFENDANT(S): _____Ventura Content, AVV_____

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Marc Mayer</u>, whose address is <u>Mitchell Silberberg & Knupp LLP, 11377 W. Olympic Boulevard, Los Angeles, California 90064</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____AUG 19 2010_____     By: _____**CHRISTOPHER POWERS**_____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          SUMMONS                          American LegalNet, Inc. www.USCourtForms.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Mansef, Inc. a Canadian Corporation; Froytal Services, Ltd., a Cyprus Corporation

**DEFENDANTS**

Ventura Content, AVV, an Aruban Corporation; Denali Holdings, LLC, a California Limited Liability Corporation; and Does 1-10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

David A. Steinberg (SBN 130593) das@msk.com
Marc. E. Mayer (SBN 190969) mem@msk.com
Emily F. Evitt (SBN 261491) efe@msk.com
Mitchell Silberberg & Knupp LLP
11377 W. Olympic Blvd., Los Angeles, CA 90064
Tel. (310) 312-2000 Fax (310) 312-3100

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), and related state law claims based on Defendants' unauthorized use of Plaintiffs' trademarks as Internet keyword search terms.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 6222

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2



American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Plaintiff Mansef, Inc. resides in Canada<br>Plaintiff Froytal Services, Ltd. resides in Cyprus |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant Ventura Content, AVV has a principal place of business in Los Angeles County | Defendant Denali Holdings, LLC is a resident of San Diego County, CA; Defendant Ventura Content, AVV has a principal place of business in Arizona. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | San Diego County, CA; Arizona |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):**  Date August 19, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical Codes Relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com